1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

DANIELLE KATHLEEN STELLMAN,

12

Plaintiff,

13

v.

14

COMMISSIONER OF SOCIAL

15

SECURITY,

16

Defendant.

Case No. 1:23-cv-00022-CDB

ORDER GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. §406(b)

(Doc. 23)

17

18    Pending before the Court is the motion of Jonathan Omar Peña ("Counsel"), counsel for

19 Plaintiff Danielle Kathleen Stellman ("Plaintiff"), for an award of attorney's fees pursuant to 42

20 U.S.C. § 406(b), filed on October 24, 2025.  (Doc. 23).  The motion seeks attorney's fees in the

21 amount of $29,415.00 for representing Plaintiff in federal court. *Id.* at 1.  Defendant filed a response

22 to the motion in which Defendant expresses no opposition to the motion, *see* (Doc. 25); Plaintiff

23 did not file a   response to the motion.  For the reasons set forth below, Counsel's motion for

24 attorney's fees will be granted.[1]

25 ///

26 ///

27

28

_____

[1] Both parties consented to the jurisdiction of a magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 10).

1

1    **I.        <u>Relevant Background</u>**

2        On December 5, 2022, Plaintiff and Counsel entered into a contingency fee agreement.

3    (Doc. 23-3); (Doc. 23 ¶ 7).  The parties agreed to attorney's fees in the amount of 25% of the past-

4    due benefits that were awarded to Plaintiff in the event she prevailed in her case.  (Doc. 23-3 at 1).

5    The agreement also provided that Plaintiff would pay her attorney's reasonable out-of-pocket

6    expenses that were incurred in the representation.  *Id*.  Further, the agreement provided that Counsel

7    could seek fees pursuant to the Equal Access to Justice Act ("EAJA"), with the smaller fees of that

8    award to be refunded in the event of an award of past-due benefits.  *Id*.

9        Plaintiff filed a complaint to this Court on January 4, 2023, appealing the Commissioner of

10   Social Security's ("Commissioner" or "Defendant") decision denying her application for benefits.

11   (Doc. 1).  Plaintiff filed a motion for summary judgment on June 30, 2023.  (Doc. 15).  On July 25,

12   2023, the Court granted the parties' stipulated request for voluntary remand pursuant to sentence

13   four of 42 U.S.C. § 405(g) (Doc. 17) and entered judgment in favor of Plaintiff.  (Docs. 18, 19).

14       On October 27, 2023, the Court granted the parties' stipulated request for award and

15   payment of attorney's fees pursuant to the EAJA (Doc. 20) and Counsel was awarded EAJA fees

16   in the amount of $7,500.  (Doc. 22).

17       Following remand, an administrate hearing was held and the presiding Administrative Law

18   Judge ("ALJ") issued a favorable decision awarding benefits to Plaintiff.  (Doc. 23 at 3).  The Social

19   Security Administration (the "Agency") sent Plaintiff a Notice of Award dated October 19, 2025.

20   *Id.*; *see* (Doc. 23-2).  The Notice of Award confirmed that $29,415.00 was withheld as 25% of past-

21   due benefits for payment for her Counsel, and that the total past-due benefits were $117,660.00.

22   *Id.*

23       On October 24, 2025, Counsel filed the instant motion for attorney's fees pursuant to 42

24   U.S.C. § 406(b) seeking an award of $29,415.00 in attorney's fees, representing 25% of Plaintiff's

25   past-due benefits.  (Doc. 23 at 1).  That same day, Counsel filed a proof of service that the instant

26   motion was served on Plaintiff by U.S. mail.  (Doc. 24).  Defendant filed a statement of non-

27   opposition stating it "neither supports nor opposes Counsel's request for attorney's fees under 42

28

U.S.C. § 406(b)." (Doc. 25 at 3). Plaintiff did not file an opposition or statement of non-opposition to Counsel's motion and the time to do so has passed.

**II.    Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 U.S.C. § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…

42 U.S.C.§ 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to a counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009); *see Gisbrecht*, 535 U.S. at 808-08 (the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable). In determining whether the requested fee is reasonable, the court considers (1) the character of the representation and the results achieved by the representative, (2) whether the attorney is responsible for delay in effectuating benefits, and (3) whether the requested fee is reasonable in light of the amount of time the attorney spent in litigating the case. *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1149.

**III.    Discussion**

Counsel for Plaintiff's motion for attorney's fees is reasonable. Counsel is an experienced attorney who secured a successful result for Plaintiff in this action. *See* (Docs. 18, 19, 22). There is no indication that a reduction of fees is warranted due to any substandard performance by Counsel. There is also no evidence that Counsel engaged in any dilatory conduct resulting in excessive delay. Indeed, Counsel's itemized bill reflects 35.15 hours of time to review the 1194-

1   page administrative record and drafting a motion for summary judgment raising two issues for

2   review.  (Docs. 11, 15, 23-4).  The Court finds 35.15 hours is a reasonable amount of time for the

3   performance of those tasks.

4           The Court also finds that the total amount sought does not appear to be disproportionate to

5   the amount of time Plaintiff's counsel spent on the case.  Counsel for Plaintiff requests an hourly

6   rate of $836.84 ($29,415.00 / 35.15 hours).  (Doc. 23 at 5).  The amount requested does not

7   constitute a windfall.  *See Crawford*, 586 F.3d at 1153 (J. Clifton, concurring in part and dissenting

8   in part) (noting that the majority opinion found reasonable effective hourly rates equaling $519,

9   $875, $902); *see also Smith v. Kijakazi*, No. 1:13-cv-01717-BAK-SKO, 2022 WL 1471035, at *2

10  (E.D. Cal. May 10, 2022) (collecting cases finding that similar amounts in attorney's fees requested

11  were appropriate); *cf. Soriano v. Saul*, 831 Fed. Appx. 844, 844-45 (9th Cir. 2020) (holding the

12  district court had discretion to determine that a fee award of $20,000 for 17.7 hours of work, an

13  effective hourly rate of $1,129.94, did amount to a windfall); *Garcia v. O'Malley*, No. 1:20-cv-

14  01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting cases and finding

15  effective hourly rate of $2,307.69 per hour not excessive); *see also* (Doc. 31 at 5-6) (citing cases

16  providing an hourly rate over $1,000 per hour).

17          Similarly, the $29,415.00 total amount is consistent with contingent fee awards granted

18  under § 406(b).  *See, e.g.*, *Aguilera v. Comm'r of Soc. Sec.*, No. 1:21-cv-00819-GSA, 2024 WL

19  3937517, at *2 (E.D. Cal. Aug. 23, 2024); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011

20  WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500); *Thomas v. Colvin*, No. 1:11-cv-01291-SKO,

21  2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50).

22          Accordingly, the Court finds the fees sought by Counsel are reasonable in light of the results

23  achieved in this action.  An award of attorney's fees pursuant to § 406(b) in the amount of

24  $29,415.00 is appropriate but must be offset by any prior award of attorney's fees granted under

25  the EAJA.  *Gisbrecht*, 535 U.S. at 796.  As Plaintiff was previously awarded $7,500.00 in fees

26  pursuant to EAJA (Doc. 22), Counsel shall refund the amount of $7,500.00 to Plaintiff.

27          ///

28          ///

**IV.    Conclusion and Order**

Accordingly, **IT IS HEREBY ORDERED**:

1. Counsel for Plaintiff Jonathan Omar Peña's unopposed motion for authorization of attorney fees under 42. U.S.C. § 406(b) (Doc. 23) is **GRANTED**;

2. Counsel for Plaintiff Jonathan Omar Peña is awarded § 406(b) attorney's fees in the amount of $29,415.00; and

3. Upon the receipt of the full attorney's fees, pursuant to 42 U.S.C. § 406(b), Counsel for Plaintiff Jonathan Omar Peña shall reimburse to Plaintiff the full amount of the EAJA fee ($7,500.00) previously awarded.  (Doc. 22).

IT IS SO ORDERED.

Dated:    **November 10, 2025**                    _____
                                                   UNITED STATES MAGISTRATE JUDGE